# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:

                                                       Case #:  15-90122
                                                       Chapter 13

Vanlerberghe, Scott J. &              Hon. Scott W. Dales
Vanlerberghe, Deborah L.             Filed: 04/07/2015

_____/

# CHAPTER 13 PLAN

☐ Original Chapter 13 Plan ☐ Amendment no.: __1st_(X ) pre-confirmation ( )post-confirmation _____.

☐ Check this box if this plan deviates in any way from the model plan.  **Specify the deviations in Section IV. P**.

I. **PLAN PARAMETERS**

    A. **APPLICABLE COMMITMENT PERIOD - 11 U.S.C. Sec. 1325(b)(4)**

(   ) The applicable commitment period (ACP) is 60 months.

( X ) The applicable commitment period (ACP) is 36 months.

    B . **LIQUIDATION ANALYSIS :** The amount to be distributed to allowed unsecured claims shall not be less than the value of Debtor's unprotected equity as of the Petition date.  That amount is $ 0.00.

II. **FUNDING**

**A. PLAN PAYMENT** The Debtor(s) shall make payments in the amount of $_1,851.00_ per ( ) week, ( )bi-weekly, ( )semi-monthly, (X ) monthly, and/or ( ) Other (see "Additional Plan Payment Provisions" below) for the minimum of the Applicable Commitment period (ACP).

  (    ) **Additional Plan Payment Provisions:**

The Trustee may submit a payroll order to the Clerk with an appropriate affidavit if the Debtor(s) becomes 30 days delinquent in making payments under the Plan.  The Court may enter the payroll order without further hearing.  The Debtor(s) shall notify the Trustee immediately of any change of employment.

III. **DISBURSEMENTS**

**A. ADMINISTRATIVE CLAIMS.**  The Debtor(s) shall pay in full, in deferred cash payments all allowed claims entitled to priority under 11 U.S.C. Section 507.

    **1.** Allowed Trustee fee.

    **2.** Attorney fees and costs: An agreed fee of $_3710.00_less fees paid of $_3710.00_leaving a fee balance of $  0.00___plus costs advanced of _____ for total of $_____ paid at the rate of _____per month until paid in full.

    **3.( X )** Attorney fees shall be paid after all necessary equal monthly payments on secured continuing claims, secured claims, and executory  contract claims.

### B. PRIORITY CLAIMS

1. Domestic Support Obligation (DSO)

    **a.** Pre-petition DSO payments - in arrears as of the petition date shall be paid:

    ( ) directly by the Debtor OR,

    ( X ) by the Trustee, if paid by Trustee, DSO payees as follows:

Mandatory information:

| Name of DSO payees | Monthly Amount | Estimated arrears |
|---|---|---|
| None | | |
| | | |

   **b.** Post-petition DSO shall be paid before all other priority creditors:

   ( ) The Debtor is current on the DSO and will pay the DSO recipient directly[i] OR

   ( X ) by the Trustee - as follows:

Mandatory information:

| Name of DSO payees | Amount / Frequency | Start Date | End Date | Age of Child(ren) |
|---|---|---|---|---|
| None | | | | |
| | | | | |

2. Priority Tax Claims are allowed claims under Section 507 and shall be paid in full by the Trustee Post-petition priority tax claims-absent objection, post-petition priority claims shall be paid in full pursuant to 11 U.S.C. Section 1305(a)(1) and (b).

**Mandatory information:**

| Creditor | Estimated Amount[ii] | Nature of Debt |
|---|---|---|
| **IRS** | 41,379.62 | 1040 Tax debt |
| | | |
| **Michigan Dept. of Treasury** | 7,074.40 | MI 1040 Tax debt |

3. Other Priority Claims or Payment Provisions:

### C. SECURED CREDITORS

1. Real Property:

**a.** Residential: Post-Petition Mortgage Payments & Pre-Petition Arrears. The following is the street address and the tax id parcel # for the Debtor's residential real property:

Property #1: 300 Ford Rd. Marquette, MI 49855, Tax ID #

2

| Creditor Name | Trustee Pay (Y/N) | Monthly Payment Amt. | Estimated. Arrearage[iii] | Taxes and insurance escrowed with lender? Y/N |
|---|---|---|---|---|
| **#1 Wells Fargo Home Mortgage** | Y | 1436.56 | 10,647.54 | Y |
| **#2** | | | | |

**Debtors propose to cure the default through application for Step Forward Michigan funds and to maintain monthly payments through the monthly Chapter 13 plan payments.**

  **b.** Non-Residential: Post -Petition Mortgage Payments & Pre- Petition Arrears. The following is the street address and the tax id parcel # for the Debtor's non-residential real property:

Property#1_____, property#2_____, property #3_____

| Creditor Name | Trustee pay (Y/N) | Monthly payment amt. | Estimated. Arrearage[iv] | Taxes and insurance escrowed with lender? Y/N |
|---|---|---|---|---|
| **#1 None** | | | | |
| **#2** | | | | |

Unless otherwise stated, Trustee calculation of the post-petition mortgage payment(s) amount due shall begin with <u>first day of the month following the month of the Petition Date</u>.

  **c.** Pre-Petition Real Property Tax Claims.  Taxing authorities' claims on real property pursuant to State law will be paid pro-rata as set forth in IV H.8 unless a fixed monthly payment is set forth below after the post-petition on-going mortgage payment(s). [v]

| Taxing Authority | Amount | Delinquent Tax Years | Optional equal monthly payment |
|---|---|---|---|
| **Marquette County Treasurer** | $2638.81 | 2014 | |
| | | | |

  **d.** Real Property Tax Escrow:

  ( XX   ) Debtor(s) will not utilize a tax escrow with the Trustee

  (  ) Debtor(s) will utilize a tax escrow through the Plan.

The Debtor must provide the tax bill to the Trustee.  The Debtor's must verify taxes are paid each year until Plan completion. Tax escrow accounts will fund after on-going mortgage monthly payment but prior to other secured creditors.

| Real Property address | Parcel Number | Taxing Authority | Monthly Escrow Amount. |
|---|---|---|---|

3

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |

      **e.** Wholly Unsecured Mortgages:   These listed creditors have a mortgage on the Debtor's real property but there is no equity to secure the claim.  These creditors' claims are to be treated as general unsecured claims.  The creditors' liens will be discharged upon plan completion unless Debtor is not entitled to a discharge in his/her Chapter 13 bankruptcy. These creditors are as follows:

| Property Address | Creditor | Claim Amount [vi] | Property Value | Senior Lien amt. |
|--|--|--|--|--|
| None |  |  |  |  |
|  |  |  |  |  |

    **2.** <u>Personal property</u>

      **a.** Pre-Confirmation Adequate Protections Payments (APP).  If the Trustee is to pay pre-confirmation adequate protection payments (APP) the secured creditor's name, address, and the account's number and payment amount must be provided, see LBR 3016.  The Trustee will not disburse an APP until proof of claim is filed.

      **b.** Secured Claims **NOT** Subject to 11 U.S.C. Section 506[ix]: each secured creditor in this class has a lien not subject to 11 U.S.C. Section 506[vii][viii].  Claims in this class shall be paid as follows plus an additional pro-rata amount that may be available from funds on hand at an interest rate specified below or the contract rate whichever is lower.

| Creditor, Address & Acct # | Collateral | Balance Owing | Int. % | Pre-Conf AP | Equal Monthly Payment |
|--|--|--|--|--|--|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

      **c.** Secured Claims Subject to 11 U.S.C. Section 506: [ix]: claims in this class shall be paid as follows plus an additional pro-rata amount that may be available from funds on hand at an interest rate specified below or the contract rate whichever is lower.

| Creditor, Address & Account # | Collateral | FMV | Interest Rate | Pre-Conf AP | Equal Monthly Payment |
|--|--|--|--|--|--|
| None |  |  |  |  |  |

4

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

If the creditor files a claim with a balance owing which is different than the amount listed above, the claim shall control as to the amount of the debt, unless a party in interest objects to the claim.

**3.** Collateral to Be Surrendered/Contracts to be rejected:   The below listed collateral is surrendered to the creditor or contracts to be rejected; the stay shall be terminated upon entry of the order confirming plan; any deficiency shall be treated as a general unsecured claim:

| Creditor | Collateral Description/Contract Description |
|---|---|
| **None** |  |
|  |  |
|  |  |
|  |  |

To the extent a creditor holding a junior lien has filed a secured claim such claim shall be treated as a general unsecured claim if the value of the collateral is equal to or less than the amount of the senior secured claim, absent an objection by a party in interest.

**D. EXECUTORY CONTRACTS (assumed)**

1. Land Contracts:

**a. T**he Debtor(s) assumes the following land contract(s):

| Creditor | Trustee pay Y/N | Est. Pre-Pet Arrears$^x$ | Monthly Payment to Cure Arrears | On–going payment |
|---|---|---|---|---|
| **None** |  |  |  |  |
|  |  |  |  |  |

Unless otherwise stated, Trustee's calculation of the post petition land contract(s) amount due shall begin with first day of the month following the month of the Petition Date.

**2.** Other Executory Contracts - The Debtor assumes the following executory contracts:

| Creditor and acct # | Property Description | Payment Amount$^x$ | # of Months Remaining$^x$ | Est.Pre-pet Arrears$^x$ | Trustee pay? Y/N |
|---|---|---|---|---|---|
| **None** |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**E.    UNSECURED CREDITORS**

5

**1.** <u>General Unsecured Creditors:</u> Claims in this class are paid from funds available after payment to all other classes.  The payment allowed to the general unsecured claimants will be satisfied by:

( ) Payment of a dividend of 100%.  Plus present value of ____%, if necessary to satisfy the Best Interest of Creditors Test, **OR**

( X ) Payment of a pro-rata share of a fixed amount of $_0.00__ set aside for creditors in this class or for the ACP, whichever pays more, **OR**

( ) Payment of that amount remaining after payment of superior classes as set forth above. Payment to this class shall be on a pro rata basis. The estimated base to unsecured creditors is $_____.

**2.** <u>Special Unsecured Creditors</u>**:** Claims in this class may include co-signed debts (other than by co-filers), non-sufficient funds (NSF) checks, continuing professional services or non-dischargeable debts (i.e. such as student loans, criminal fines):   If the ACP is 36 months, the claims listed below are paid,

    a. Pro-rata during the first 36 months and

        ( ) 1.The remaining balance shall be paid in full during the life of the plan not to exceed 60 months  **OR**

        ( ) 2. The remaining balance shall be paid directly by the debtor(s) after completion of plan

| **Creditor** | **Reason For Special Treatment** | **Interest Rate if paying in full thru plan** |
|---|---|---|
| **None** | | |
| | | |
| | | |

**3.**  The following special unsecured claim(s) are an exception pursuant to 11 U.S.C. Section 1322 (b)(1) and shall be paid as follows:  NONE

**IV. GENERAL PROVISIONS**

    **A.**    **<u>DISPOSABLE INCOME & TAX REFUNDS</u>**  Unless this Plan provides for a dividend of 100% to all timely filed, allowed general unsecured creditors, the Debtor(s) agrees to pay all disposable income as defined in 11 U.S.C. Section 1325(b)(1)(B) and (2) for the Applicable Commitment period (ACP). The Debtor(s) agree to continue the same level of tax deductions as when the case was filed except as affected by changes in dependents and/or marital status.
Based on the disposable income available the Trustee shall have the discretion to:
1. increase the percentage to the unsecured creditors as a result of additional payments made under this provision,
2. reduce the  (length) of the plan but not below the applicable commitment period,
3. determine if available funds are not disposable income when the Debtor provides the Trustee with supporting documentation and a stipulation regarding the same.

    **B.**    **<u>VESTING OF ESTATE PROPERTY</u>**  Upon confirmation of the Plan, all property of the estate shall:

6

( X ) vest in the Debtor <u>or,</u>
( ) remain property of the estate except for (i) the future earnings of the Debtor(s) (ii) additional disposable income and (iii) other property necessary to fund the Plan

In EITHER CHOICE, all property of which Debtor retains possession and control shall be insured by the Debtor(s).  The Chapter 13 Trustee will not and is not required to insure assets and has no liability for damage or loss to any property in Debtor's possession and control. [xi]

**C.    PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY** During the term of this Plan, the Debtor(s) shall not incur debt in excess of $2,000.00 and shall not dispose of any real or personal property with a fair market value greater than $2,000 without Court approval.

**D.    UNSCHEDULED CREDITORS FILING CLAIMS**  If a creditor's claim is not listed in the schedules, but the creditor files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within the class, unless the claim is disallowed.

**E.    ALLOWANCE OF LATE FILED CLAIMS**.  Claims by unscheduled or omitted pre-petition creditors, without notice of the bankruptcy filing, may be deemed timely filed.

**F.    PLAN REFUNDS** The Trustee may agree to reasonable refunds to the Debtor from the funds paid to the Trustee.  The Plan duration may be extended to repay all refunds granted.  The Debtor may be required to file a Plan Amendment.

**G.    TRICKETT NOTICE.**
(  ) **Check if Debtor(s) is taking the <u>State Entireties Exemptions</u>**
Joint claims must be paid in full if taking the state entireties exemptions.  Creditors are advised they have until the claim filing bar date as stated in the <u>Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines</u> to file a Proof of Claim in this bankruptcy proceeding. If creditor has a joint claim against the Debtor and spouse, the claim must be clearly marked "JOINT CLAIM".  The claims must include documentary support and be filed correctly.

**H.    TRUSTEE DISBURSEMENT:**    Unless otherwise specifically stated in the Plan, the Chapter 13 Trustee shall disburse the funds as follows:

    **I.    Priority of payments**
1. Unpaid <u>court</u> filing fees.
2. Chapter 13 <u>Trustee administrative fee</u>.
3. Monthly payments on any <u>domestic support obligation</u> entitled to priority pursuant to 11 U.S.C. Sec. 507(a)(1) paid through the plan.
4. <u>Pre-confirmation adequate protection</u> payments pursuant to 11 U.S.C. Sec. 1326(a)(1) for which there is an order for such payments or pursuant to the applicable local bankruptcy rule.

5. <u>Attorney fees and expenses</u>, as allowed by the Order Confirming the Plan or such additional attorney fees as are awarded pursuant to an Order of the Court, subject to monthly continuing claims payments.
6. <u>Continuing claims:</u>  Those secured claims on which the last payment is due beyond the length of the plan and paid a set monthly payment (subject to adjustment in paragraph D below) including but not limited to monthly mortgage payments, land contract payments and other long term non-modifiable debts such as executory contracts.
If the post-petition mortgage payment is paid through the Plan, the Trustee is authorized
    A.   upon mortgagee or Debtor notice modify the on-going mortgage payment,
    B.   increase the Debtor(s) plan payment for any mortgage increase,
    C.   amend a wage order for such increase with notice to the employer, Debtor(s) and Debtor's attorney, and
    D.   adjust the post-petition mortgage payment date or the date  through which arrears is calculated as needed.

       7. <u>Other secured claims and executory contract claims on which the last payment will be come due within the plan duration and arrearage on continuing claims</u> paid as equal monthly payments<u>.</u>

       8. <u>Arrearage on continuing claims and other secured claims without equal monthly payments</u> shall be paid on pro-rata basis.

       9. <u>Priority Unsecured claims</u> on a pro rata basis.

       10. <u>General Unsecured claims</u> on a pro rata basis.

**II.**    **Creditor payment initial disbursement date:** payment designated as equal monthly payments on secured claims, executory contracts, and priority unsecured claims shall be scheduled to commence the month following the month of the Petition date.

**I**. <u>**TAX RETURNS:**</u>  All tax returns due prior to this case filing have been appropriately filed, except:_____.

**J**. <u>**DEBTOR ENGAGED IN BUSINESS.**</u>  If the Debtor is self-employed and incurs trade credit in the production of income and has employees, the Debtor will comply with:

    1. 11 U.S.C. Section 1304 (b) and(c) regarding operation of the business and duties imposed on the Debtor are incorporated herein by reference, and

    2. The Order Regarding Continuation of Business Operations entered in this case.

**K. <u>EFFECT OF ADDITIONAL ATTORNEY FEES BEYOND THE NO LOOK FEE.</u>**  Additional ordered attorney fees shall be paid as administrative claims and shall not be paid out of the base previously disbursed to general unsecured creditors.  The Chapter 13 Trustee shall not recover funds disbursed to general unsecured creditors to fund the attorney fees order.

**L.  <u>EFFECT OF ALLOWED LATE FILED CLAIMS AND AMENDED CLAIMS</u>**.   If an allowed late claim, an amended claim, or deficiency claim is filed and Trustee has disbursed to general unsecured creditors such allowed late claim, amended claim, or deficiency claim shall be paid the same dividend as previously paid to general unsecured claims, to the extent possible, even if the base to general unsecured claims exceeds the amount stated in the confirmed Plan.  The Chapter 13 Trustee shall not be required to recover any overpayments to general unsecured creditors as a result of the filing of the afore -mentioned claims.

**M.  <u>TRUSTEE'S AVOIDANCE POWERS.</u>**  The Debtor(s) acknowledges that both pre and post confirmation the Trustee has discretion to utilize certain avoidance powers pursuant to  Sections 544, 545,  547, 548, 549, and 550.  Notwithstanding any other language in this plan no lien shall be involuntarily avoided unless an adversary proceeding is filed. The Debtor(s) acknowledges that any action(s) brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to Section 551.   The Trustee may bring any avoidance action within the period of time set forth in Section 546.

**N.  <u>LIEN RETENTION:</u>** Holders of allowed secured claims provided for by the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under applicable non-bankruptcy law or (ii) a discharge[xii].  If this plan is not completed the lien holder shall retain the lien as recognized by non-bankruptcy law.  Holders of allowed secured claims with the last payment due after the final payment of the plan shall retain the lien pursuant to non-bankruptcy law after discharge.

**O. <u>TERMINATION OF THE AUTOMATIC STAY.</u>** Upon reviewing notice of the filing of a Motion for relief of the Automatic stay the Trustee shall cease disbursing payments to the secured creditor but shall reserve in escrow said payments until further order of the Court.  On entry of an order terminating the automatic stay (pre- confirmation or post-confirmation) the Trustee shall make no further payments to that creditor and any reserved escrowed amounts shall be released for the benefit of the other creditors in accordance with the confirmed plan unless otherwise ordered by the Court.

**P. ADDITIONAL PROVISIONS:**

**One** – Debtors propose their plan payments will be applied first to Chapter 13 Trustee fee; then $1436.56 to Wells Fargo Home Mortgage for the regular monthly mortgage payment; then the remaining balance to be paid pro rata to priority creditors including IRS, State of Michigan, and County of Marquette. To the extent the remaining amounts owed to these creditors are not paid through the plan, the unpaid balances will be taken care of and paid by the Debtors after the plan is completed.

**Two** – Debtors propose their home mortgage arrearage by paid from proceeds received from Step Forward Michigan.

Date:    September 21, 2015                                    /s/ Vanlerberghe, Scott J._____

                                                                                                 , Debtor


Date:    September 21, 2015                                    /s/ Vanlerberghe, Deborah L._____

                                                                                                 , Debtor


Date:    September 21, 2015                                    /s/ Timothy C. Quinnell_____

                                                                                      Counsel for the Debtor

---

[i] The Debtor will comply with 11 U.S.C. Section 1325(a)(8) and shall, prior to confirmation of the Plan, provide the Trustee with an affidavit or other evidence (i.e. wage deduction, a statement from Friend of the Court, or a statement from the recipient) that all post petition, pre-confirmation, DSO payments are current.

[ii] Projected claims as follows: the amount stated is an estimate only; the claim controls as to the amount of the debt.

[iii] The pre-petition arrearage is an estimate and the Trustee shall pay the pre-petition arrears based on the claim as filed by the Creditor. Any claim filed for pre-petition arrears shall be paid through the Plan over a reasonable period of time and pro-rata with other secured creditors. STEP FORWARD MICHIGAN FUNDS, WHICH DEBTORS ARE SEEKING, WILL BE USED TO PAY THIS CLAIM IN FULL.

[iv] The pre-petition arrearage is an estimate and the Trustee shall pay the pre-petition arrears based on the claim as filed by the Creditor. Any claim filed for pre-petition arrears shall be paid through the Plan over a reasonable period of time and pro-rata with other secured creditors.

[v] Creditors in this Class shall retain its lien on the real property pursuant to applicable State law and shall be entitled to receive its statutory interest and collection fees as set forth on its Proof of Claim.

[vi] This is the Debtor's estimate as to the amount owing to the creditor. The claim shall control as to amount of the debt, subject to an objection filed by a party in interest.

[vii] Such a claim is not subject to "cramdown" and will be paid the full balance owing.

[viii] If the Debtor's collateral is destroyed, the Debtor, with consent from the secured creditor and Trustee, may use the collateral insurance proceeds to purchase substitute collateral; the creditor's lien shall attach to the replacement collateral.

[ix] If the Debtor's collateral is destroyed, the Debtor, with consent from the secured creditor and Trustee, may use the collateral insurance proceeds to purchase substitute collateral; the creditor's lien shall attach to the replacement collateral.

[x] The arrears set forth above is an estimate only and the proof of claim shall control as to the total balance due, the monthly payment amount, the amount of the arrears and the number of months remaining unless a party in interest files an objection to the claim.

[xi] 11 U.S.C. Section 348(f)(1) remains effective in the event of a conversion to another chapter.

[xii]    11 U.S.C. Section 1325(a)(5)(B)