**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

IN RE:

SCOTT J. VANLERBERGHE,  Case No.: DM 15-90122
DEBORAH L. VANLERBERGHE,  Chapter 13
  Hon. Scott W. Dales
  Debtors.  Filed:  April 7, 2015
_____//

**TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

   **NOW COMES** Barbara P. Foley, Trustee, by and through her Attorney, Courtney K. Roberts, and for her *Objection to Debtor's Amendment to Chapter 13 Plan* [DN 35] states as follows:

   1. On April 7, 2015, Scott and Deborah Vanlerberghe ("Debtors") filed a Petition for relief under Chapter 13 of the Bankruptcy Code. This case has never been converted, dismissed, or reinstated, and Debtors' Chapter 13 plan has not yet been confirmed.

   2. The Plan provides a dividend to general unsecured creditors of disposable income for the duration of the 36 month applicable commitment period, without promising a minimum dividend to general unsecured creditors [DN 35, ¶¶ I.A & III.F.1]. The dividend may be reduced by the Court's allowance of additional administrative expenses [DN 25, ¶ III.F.1].

   3. In essence, Debtors are proposing no dividend to general unsecured creditors whatsoever, because the tax claims being paid through the Chapter 13 plan will take all funds paid into the case not already absorbed by the Trustee's fee, attorney fees, and the ongoing mortgage payment [DN 25, ¶ IV.P.1].

   4. The Trustee objects to confirmation of the Chapter 13 plan because the plan incorrectly reflects that the income tax debt owed to the United States Internal Revenue Service is classified as priority debt [DN 35, ¶¶ III.B.2 & IV.P.1]; the Internal Revenue Service proof of

1

claim reflects $47,503.25 in secured debt [Claim #6-2] for which Debtors provide no concrete treatment through the Chapter 13 plan. Furthermore, this appears to be true of some or all of the tax claims filed by the State of Michigan [Claims #2-1 to 4-1].

5. The Trustee objects to the Chapter 13 plan alternately treating the debt owed to the Marquette County Treasurer as secured [DN 25, ¶III.C.1.c], and characterizing it as priority debt [DN 25, ¶ IV.P.1], making it unclear whether distributions to the creditor are to be subordinate only to administrative claims and ongoing mortgage payments, or should be pro-rata with all other tax claims in the case.

6. The Trustee objects to confirmation of the Chapter 13 plan because Debtors indicate that their home mortgage arrearage will be paid with the assistance of Step Forward Michigan [DN 25, ¶ IV.P.2]

7. The Trustee has not received any indication that assistance from Step Forward Michigan will be available to Debtors.

8. Without assistance from Step Forward Michigan, the Trustee objects to confirmation of the Chapter 13 plan because it does not appear that Debtors can successfully comply with their Chapter 13 plan, or complete their Chapter 13 plan within 60 months of confirmation. 11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d); 11 U.S.C. § 1325(a)(1); 11 U.S.C. § 1325(b)(4).

9. Debtors' plan cannot be confirmed if it fails to meet the confirmation standards set forth in 11 U.S.C. § 1325(a). *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 462 (6th Cir. 2009).

10. The Trustee objects to confirmation of the Chapter 13 plan with attorney compensation of $3,710.00 requested [DN 35, ¶ III.A].

    a. This amount exceeds all presumptive rates of compensation for the Bankruptcy Court for the Western District of Michigan, LBR Exhibit 5, ¶ 16.

    b. Although reasonable compensation in the case may exceed the presumptive rate, it is incumbent upon Debtors' counsel, via an itemized fee application, to establish that the compensation requested is reasonable. 11 U.S.C. § 330(a); LBR 9013-1; LBR Exhibit 5, ¶¶16-17. See also *In re Clinkscale,* 525 B.R. 399, slip op. pg. 6 (W.D. Mich. Bankr. 1/14/2015), citing *In re Ulrich,* 517 B.R. 77, 80 (Bankr. E.D. Mich. 2014), as well as *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991); *In re Acevedo*, 2014 WL 6775272 (Bankr. W.D. Mich 2014).

11. The Trustee objects to confirmation of the Chapter 13 plan because Debtors' amended plan [DN 25] does not indicate how creditors with secured vehicle liens will be paid, or if those vehicles are now being surrendered.

12. The Trustee objects to confirmation of the Chapter 13 plan because it is not clear that it is proposed in good faith. 11 U.S.C. § 1325(a)(3).

**WHEREFORE** the Trustee respectfully requests that this Court deny confirmation of Debtors' Chapter 13 Plan, dismiss Debtors' Chapter 13 case, and grant whatever relief may be just and equitable.

                                  Respectfully submitted,

                                  BARBARA P. FOLEY
                                CHAPTER 13 TRUSTEE

October 22, 2015              /s/ Courtney K. Roberts
                                Courtney K. Roberts (P64717)
                                Attorney for Barbara P. Foley
                                Chapter 13 Trustee
                                425 W. Michigan Avenue
                                Cornerstone Building
                                Kalamazoo, MI  49007

Phone: (269) 343-0305  
E-Mail: croberts@chpt13.com